J-A11010-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| MICHAEL ANDREW ARCHACKI | |
| Appellant | No. 1261 MDA 2017 |

Appeal from the Judgment of Sentence imposed July 7, 2017
In the Court of Common Pleas of Lancaster County
Criminal Division at Nos: CP-36-CR-0000499-2012; CP-36-CR-0004537-2011; CP-36-CR-0004536-2011; CP-36-CR-0004527-2011

BEFORE: STABILE, J., NICHOLS, J., and PLATT, J.[*]

MEMORANDUM BY STABILE, J.:                **FILED SEPTEMBER 18, 2018**

Appellant, Michael Andrew Archacki, appeals from the judgment of sentence the Court of Common Pleas of Lancaster County imposed on July 7, 2017. Specifically, Appellant challenges the discretionary aspects of his sentence. For the reasons stated below, we affirm.

The underlying facts are not at issue here. The trial court summarized the procedural history of the case as follows:

> [Appellant] was originally sentenced on September 19, 2012, after a jury trial, of one count of indecent assault-unconscious victim, two counts of indecent assault person less than 16 years age, three counts of corruption of minors, one count of indecent assault-unconscious victim, one count of rape by forcible compulsion, one count of involuntary deviate sexual intercourse person less than 16 years of age, three counts of aggravated

_____

[*] Retired Senior Judge assigned to the Superior Court.

assault person less than 16 years of age, one count of statutory sexual assault, one count of unlawful contact with minors, two counts of aggravated indecent assault, three counts of photographing/filming sex acts with a child under 18, three counts of indecent assault person less than 13 years of age, one count of involuntary deviate sexual intercourse with a child, and two counts of corruption of minors-defendant age 18 or above.

On December 19, 2012, after a pre-sentence investigation, he was sentenced to an aggregate sentence of 32½-65 years in prison.[1]

_____

[1] The instant appeal pertains to four criminal dockets: 4527-2011, involving a 12-years old female (ten counts); 4536-2011, involving a 13-years old female (three counts); 4537-2011, involving a 13-years old female (three counts); and, 499-2012, involving a 14-years old female (eight counts). Following his convictions, Appellant was sentenced as follows:

- Docket number 4527-2011: Appellant was sentenced to 10 to 20 years' incarceration at count 1, and all other sentences imposed at the remaining counts (counts 2 through 4, and 6 through 11) were imposed to run concurrently with count 1 of the same docket.
- Docket number 4536-2011: count 1, 9 to 18 months' imprisonment, to run consecutively to sentence at count 1 of docket number 4527-2011, and all other sentences imposed on the remaining counts (2 and 3) of docket number 4536-2011 were imposed concurrent with count 1 of the same docket.
- Docket number 4537-2011: counts 1 and 2 to run concurrently with sentences imposed at docket number 4536-2011; sentence imposed at count 3 (9 to 18 months' imprisonment) to run consecutively to the sentences imposed a 4536-2011.
- Docket number 499-2012: count 1, 10 to 20 years' imprisonment to be served consecutively to sentences imposed at 4536-2011, sentence imposed at counts 2 and 3 ran concurrently with sentence at count 1 of docket number 499-2012, count 4, the court imposed 5 to 10 years' imprisonment to run consecutively to sentence imposed on count 1 of docket number 499-2012, sentences imposed at count 5, 6 and 7, to run concurrently with sentence imposed at the same docket, and sentence imposed at count 8 (6 to 12 years' imprisonment) to run consecutively to sentence imposed at count 4 of the same docket.

*See* N.T. Sentencing, 12/19/12, at 29-32.

[Appellant] appealed from the judgment of sentence to the Superior Court. The Superior Court affirmed the judgment of sentence in part and vacated [the] judgment of sentence in part, and the case was remanded for resentencing on April 4, 2012.[2] On May [2], 2014, [Appellant] was resentenced to an aggregate sentence of 29½-65 years in prison.[3] Pursuant to a change in the law that made the mandatory minimums on [Appellant]'s original sentence unconstitutional, [Appellant] was resentenced on July 7, 2017 to an aggregate sentence of 29½-59 years in prison. [This appeal followed.[4]]

Trial Court Opinion, 10/13/17, at 1-2 (some capitalization, citations, and footnotes omitted).

---

[2] *See Commonwealth v. Archacki*, 223 MDA 2013, unpublished memorandum (Pa. Super. filed April 4, 2014). On appeal, we found that the sentencing court miscalculated the applicable offense gravity score in connection with count 8 of docket number 499-2012, and that it improperly applied a mandatory minimum sentence in connection with counts 4, 5 and 6 of the same docket.

[3] At the May 2, 2014 resentencing, the sentencing court imposed the same sentences originally imposed in connection with counts 1, 2, 3, 7 and 8. On count 4, Appellant was sentenced to three to ten years' incarceration to be served consecutively to the sentence imposed at count 1. Similarly, the court imposed three to ten years at counts 5 and 6 to be served concurrently with each other and concurrently with the sentence imposed at count 1.

[4] Under the new sentencing scheme, the sentence imposed at count 8 of docket number 4527-2011 now runs consecutively to the sentence imposed at count 1 of 4527-2011; sentence imposed at count 1 of docket number 4536-2011 now runs consecutively to sentence at count 1 of docket 4527-2011, counts 2-3 of the same docket run concurrently with each other and concurrently with sentence imposed at count 1 of 4536-2011; and, finally, the sentence imposed at count 1 at docket number 499-2012 now runs consecutively to count 1 at docket number 4536-2011. N.T. Resentencing, 7/7/17, at 52-56.

Appellant argues that the most recent sentence was excessive because (1) the imposition of consecutive sentences was not warranted; (2) the sentencing court improperly penalized Appellant for exercising his right not to testify, and (3) the sentencing court failed to give individualized consideration to Appellant's personal history, rehabilitative needs and protection of community. Appellant's Brief at 4.

The issue raised on appeal, namely, excessiveness of sentence, involves the discretionary aspects of Appellant's sentence. *See*, *e.g.*, *Commonwealth v. Ahmad*, 961 A.2d 884, 886 (Pa. Super. 2008). "In reviewing a challenge to the discretionary aspects of sentencing, we evaluate the court's decision under an abuse of discretion standard. Additionally, this Court's review of the discretionary aspects of a sentence is confined by the statutory mandates of 42 Pa.C.S.[A]. § 9781(c) and (d)." *Commonwealth v. Dodge*, 77 A.3d 1263, 1274 (Pa. Super. 2013) (quotation marks and citations omitted).[5]

_____

[5] Section 9781(c) directs:

> The appellate court shall vacate the sentence and remand the case to the sentencing court with instructions if it finds:
>
> (1) the sentencing court purported to sentence within the sentencing guidelines but applied the guidelines erroneously;
>
> (2) the sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable; or

Additionally, because challenges to the discretionary aspects do not entitle an appellant to appellate review as of right, an appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test to determine: 1) whether the appellant has filed a timely notice of appeal; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence; (3) whether the appellant's brief has a fatal defect; and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the

_____

> (3)  the sentencing court sentenced outside the sentencing guidelines and the sentence is unreasonable.
>
> In all other cases the appellate court shall affirm the sentence imposed by the sentencing court.

42 Pa.C.S.A. § 9781(c).

Section 9781(d) directs that the appellate court, in reviewing the record, shall have regard for:

> (1) The nature and circumstances of the offense and the history and characteristics of the defendant.
>
> (2) The opportunity of the sentencing court to observe the defendant, including any presentence investigation.
>
> (3) The findings upon which the sentence was based.
>
> (4) The guidelines promulgated by the commission.

42 Pa.C.S.A. § 9781(d).

Sentencing Code. *See Commonwealth v. Moury*, 992 A.2d 162, 169-70 (Pa. Super. 2010).

For the sake of this appeal, we assume the first three requirements for our review of the discretionary aspects of his sentence were met. Thus, we will focus our attention on whether the issues raised qualify as a "substantial question"[6] for our review.

Appellant argues that the sentencing court on resentencing imposed essentially the same sentence it imposed originally (lengthwise), the only difference being that some counts that previously ran concurrently now run consecutively. Appellant avers that no additional facts were adduced at the resentencing hearing that would justify the imposition of consecutive sentences. The claim is without merit.

Generally, the imposition of consecutive sentences is not viewed as raising a substantial question. *See*, *e.g.*, *Commonwealth v. Gonzalez-Dejusus*, 994 A.2d 595, 598 (Pa. Super. 2010). It might be 'substantial' where the "sentencing court sentenced within the sentencing guidelines but the case involves circumstances where the application of the guidelines would be clearly unreasonable." 42 Pa.C.S.A. § 9781(c)(2). It is not the case here.

---

[6] A substantial question will be found where an appellant advances a colorable argument that the sentence imposed is either inconsistent with a specific provision of the Sentencing Code or is contrary to the fundamental norms which underlie the sentencing process. "At a minimum, the Rule 2119(f) statement must articulate what particular provision of the code is violated, what fundamental norms the sentence violates, and the manner in which it violates that norm." *Commonwealth v. Mastromarino*, 2 A.3d 581, 585–86 (Pa. Super. 2010) (citation omitted).

In his brief, Appellant argues that keeping the original structure of the sentence (which, as noted, ran some counts concurrently, as opposed to consecutively) would have resulted in a substantial amount of time in prison (approximately 17 years).  Under the new sentence (which runs some counts consecutively, as opposed to concurrently), Appellant will be in prison for at least 29½ years, and he will be almost 73 years old upon completion of his minimum sentence.  Appellant is essentially asking for a discount on the aggregate sentence based on his current age and that 17 years in prison is enough, but fails to show us what specific provision of the sentencing code is violated, what fundamental norms the sentence violates, or the manner in which his sentence violates that norm.  Appellant is silent on these very crucial matters.

Additionally, regarding the imposition of consecutive sentences, it is well established that "the imposition of consecutive, rather than concurrent, sentences may raise a substantial question in *only* the most extreme circumstances, such as where the aggregate sentence is unduly harsh, considering the nature of the crimes and the length of imprisonment." ***Commonwealth v. Lamonda***, 52 A.3d 365, 372 (Pa. Super. 2012) (*en banc*), *appeal denied*, 75 A.3d 1281 (Pa. 2013) (emphasis added).

A review of Appellant's argument and the record does not reveal anything that could suggest the aggregate sentence imposed is unduly harsh, considering the nature of the crimes and length of imprisonment.  Indeed, the trial court sentenced Appellant to standard range sentences, and Appellant

failed to provide any evidence supporting a claim for undue harshness. Therefore, Appellant has failed to raise a substantial question for our review. ***See Lamonda***, ***supra***.

Even if we were to find that Appellant has presented a substantial question, we note that a review of the record shows that the trial court considered the nature of the crime, Appellant's personal history and rehabilitative needs, the protection of the community, and all other relevant circumstances in fashioning his sentence, and there is nothing in the record that would suggest an abuse of discretion by the sentencing court. Thus, even if we had reached the merits of the issue, we would find the trial court did not abuse its discretion. ***See Commonwealth v. Downing***, 990 A.2d 788, 792-93 (Pa. Super. 2010) ("Sentencing is vested in the discretion of the trial court and will not be disturbed absent a manifest abuse of that discretion") (citation omitted).

Appellant next contends that the sentencing court improperly penalized him by inferring lack of remorse from the fact he did not testify or address the court. Assuming the claim raises a substantial question for our review, a review of the record belies the claim. The sentencing court addressed the claim as follows:

> [The sentencing court's] comments about [Appellant]'s lack of remorse were not based on his exercise of his [F]ifth [A]mendment rights. Rather, the [sentencing c]ourt noted, based on its own observations during the resentencing hearing, that:

> during all of the testimony that was presented by the victims or their family members this morning that your demeanor didn't change [but when your family members came up here it was obvious to me that you did display some emotion].
>
> I don't believe for one minute that you're ever going to feel any particular remorse for the damage that you caused to the victims in this case or to their family members.

[N.T. Resentencing Hearing, 7/7/17, at 50-51].

> The [sentencing court] also noted the incalculable impact [Appellant]'s crimes had on the victims in this case, their family members, and the community, and the impact it still has nearly five years later.

Trial Court Opinion, 10/13/17, at 4 (unnumbered).

We agree with the sentencing court that the comment it made about lack of remorse had nothing to do with Appellant's exercise of his constitutional rights. The sentencing court specifically mentioned that its comments were based on its observation of Appellant's <u>demeanor</u> throughout the proceeding. It is well-established that "when reviewing sentencing matters, we must accord the sentencing court great weight as it is in the best position to view the defendant's character, displays of remorse, defiance or indifference, and the overall effect and nature of the crime." ***Commonwealth v. Hanson***, 856 A.2d 1254, 1260 (Pa. Super. 2004). Nothing in the record would suggest that the sentencing court's assessment of Appellant's lack of remorse was based on anything other than its own observations of Appellant's demeanor.

Appellant relies on *Commonwealth v Bowen*, 975 A.2d 1120 (Pa. Super. 2009), to support his claim that the sentencing court improperly weighed Appellant's silence at the resentencing hearing. Reliance on *Bowen* is, however, misplaced. In *Bowen*, as acknowledged by Appellant, "the trial court improperly cited the defendant's failure to take responsibility, specifically referencing that the jury convicted him of the crimes." Appellant's Brief at 30. This is not the case here. Indeed, Appellant acknowledged that "the Sentencing Court did not reference the jury finding Appellant guilty of the crimes charged as the sentencing court [did] in *Bowen*." *Id.* "As to the defendant's lack of remorse, the *Bowen* Court concluded that 'silence at sentencing may not constitute the only factor relied upon to find lack of remorse[.]'" *Id.* Instantly, the sentencing court's finding of lack of remorse, was not based on Appellant's silence. Rather, as the record shows, it was based on the sentencing court's observation of Appellant's demeanor throughout the proceedings.

Aware that the instant matter is easily distinguishable from the *Bowen* case, Appellant relies on comments the sentencing court made at the time of his first sentencing (in 2012). It is worth noting that the instant appeal pertains to the 2017 resentencing, not the 2012 or the 2014 sentencings.

Nowhere does Appellant explain how comments made in 2012 become relevant to understand what the sentencing court stated or did in 2017.[7]

Finally, Appellant argues that the sentencing court did not account for "Appellant's personal history and background, rehabilitative needs and the protection of the community." Appellant's Brief at 24.[8] The record clearly shows otherwise.

The record shows that the sentencing court was fully aware of the crimes of which Appellant was convicted, the information contained in the PSI, and the applicable guidelines. Additionally, the judge read the letters written on behalf of Appellant, heard the testimony of all the witnesses the parties presented at the sentencing hearing, and heard argument made by both counsel. Thus, it is clear that the sentencing court considered of all the above, including, all the good things Appellant did prior to the criminal charges and while incarcerated. Addressing Appellant, the sentencing court, noted, "It's hard sometimes to reconcile the things that I hear from both sides in cases

---

[7] At the 2017 resentencing hearing, the sentencing court stated that "the record from the [sentencing] proceedings of December 19th of 2012 and also from May 2nd of 2014 are incorporated in the record of [the instant] proceedings." N.T. Resentencing, 7/7/17, at 5. It appears the incorporation was limited to the pre-sentence investigation report (PSI) (which remained unchanged), Appellant's SVP determination, and the notification requirements under the Sex Offender Registration and Notification Act, SORNA. *Id.*

[8] Despite the broad language, Appellant's argument focuses on the alleged sentencing court's failure to give more weight to the good things Appellant's relatives mentioned at the time of resentencing. Appellant's Brief at 24-25.

- 11 -

like this; and this is another perfect example of it, because it's clear that you've done numerous things in your life that were selfless and helpful to other people." N.T. Resentencing, 7/7/17, at 51. The sentencing court also noted:

> But it's often been said that a man's true character is revealed in those moments when he thinks no one is watching, and I think that what happened in this case is a revelation or indication of your character.
>
> You didn't think anybody was ever going to say anything about this, and I am sure you thought, even if they did, nobody would believe those young girls. And I think I've said this before in this case, but you were sadly mistaken when it came to that.

*Id.* at 51-52.

Moreover, as previously mentioned, the sentencing court additionally noted the incalculable impact Appellant's crimes had on the victims in this case, their family members, and the community, and the impact it still has several years later.

The record shows, therefore, that the sentencing court considered all the relevant circumstances, including those highlighted by Appellant, but decided to weigh them not as favorably as Appellant wished. This falls short of showing an abuse of discretion by the sentencing court. ***See Commonwealth v. Raven***, 97 A.3d 1244, 1253–55 (Pa. Super. 2014), appeal denied, 105 A.3d 736 (Pa. 2014) (holding sentence not manifestly unreasonable where sentencing court reviewed PSI, heard testimony on behalf

of defendant, and reviewed letters and victim impact statements, thus showing court had considered all mitigating information).

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 09/18/2018